**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Evan F. HEUSTIS, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF THE SUPREME COURT OF THE STATE OF NORTH DAKOTA, Petitioner,**

v.

**Evan F. HEUSTIS, Respondent.**

**No. 920030.**

Supreme Court of North Dakota.

May 6, 1992.

### ORDER OF SUSPENSION

On February 5, 1992, the Disciplinary Board of the Supreme Court submitted its Report, together with the Findings and Recommendations of the Hearing Panel, to the Supreme Court in this matter. The record of the formal proceedings filed with the Court shows that a Petition for Discipline and Summons were served upon Evan F. Huestis on February 8, 1991, alleging violations of the North Dakota Rules of Professional Conduct, and prior to 1988, the North Dakota Code of Professional Responsibility, and, additionally or in the alternative the North Dakota Procedural Rules for Lawyer Disability and Discipline, for Heustis' handling of the probate of the James Arthur Moore estate as trustee and that he had misappropriated or converted approximately $200,000 to himself.

Respondent Heustis filed an Answer to the Petition wherein he admits that as trustee of the Arthur Moore Trust he did make loans, secured in part by personal assets of Evan F. Heustis to himself, and that said loans were in total a sum approximating $200,000, and admits in retrospect that said loans to himself were imprudent and in poor judgment, and that his actions may be contrary to the Rules of Professional Conduct. Respondent Heustis specifically denied that he misappropriated the funds of the Arthur Moore Trust or that he had any intent to deprive the beneficiaries of the Trust of any property. Respondent Heustis alleged that at all times relevant to his actions, that he was under emotional stress that impaired his judgment as to his actions in this matter and that such actions were and are an aberration and completely outside his character; and that he and the beneficiaries named in the Trust have entered into an accord for settlement of all claims they may have against Heustis, acting as Trustee, and that arrangements for full satisfaction of any such claims had been reached; and that he had voluntarily refrained from the practice of law since May 25, 1990, to the present.

A Hearing Panel of the Disciplinary Board found Mr. Heustis had violated the Rules of Professional Conduct, Code of Professional Responsibility and Procedural Rules for Lawyer Disability and Discipline as alleged and found, based upon a stipulation between the named beneficiaries and Heustis, that there was a conversion of $209,522,47 as of June 1, 1990, with partial restitution of $67,832.34 as of July 19, 1991, leaving a balance of $141,690.13 plus six percent interest from and after June 1, 1990.

On January 17, 1992, the Disciplinary Board of the Supreme Court unanimously adopted the recommendations of the Hearing Panel that Respondent Heustis be suspended from the practice of law for a period of three years; that at the end of such three years of suspension, he may apply for readmission; that a condition of readmission would be that he would be subject to an additional five years of supervised probation; that full restitution be made to the beneficiaries; and that he pay all costs and expenses of these proceedings and referred it to the Supreme Court.

On April 9, 1992, a Stipulation and Agreement accepting the Board's Report with the Findings and Recommendations of the Hearing Panel and requesting this Court to enter its order accordingly was filed by Respondent Heustis, Patrick J. Maddock, counsel for Heustis, and Vivian E. Berg, Disciplinary Counsel.

The Supreme Court considered the matter, and

ORDERED, that effective immediately Evan F. Heustis be suspended from the practice of law for a period of three years, after which time he may apply for readmission.

IT IS FURTHER ORDERED, that as a condition of readmission that Respondent Heustis be subject to an additional five years of supervised probation.

IT IS FURTHER ORDERED, that full restitution be made to the beneficiaries of the James Arthur Moore Trust.

IT IS FURTHER ORDERED, that Respondent Heustis pay the costs and expenses of the disciplinary proceedings in the amount of $8,421.41.

VANDEWALLE, A.C.J., and MESCHKE, LEVINE and JOHNSON, JJ., concur.

ERICKSTAD, C.J., deeming himself disqualified did not participate.