**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Evan F. HEUSTIS, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,**

v.

**Evan F. HEUSTIS, Respondent.**

**No. 930147.**

Supreme Court of North Dakota.

May 26, 1993.

### ORDER OF DISCIPLINE

By Order of this Court dated May 6, 1992, Evan F. Heustis, Respondent, was suspended from the practice of law for his ethical violations in his handling of the probate of the James Arthur Moore estate as trustee for a period of approximately eight years between 1980 and 1990. This Court also ordered that Mr. Heustis be subject to five years of supervised proba-

tion as a condition of reinstatement, that he make full restitution and that he pay the costs and expenses of the disciplinary proceedings. See *Disciplinary Board v. Heustis*, 484 N.W.2d 860 (N.D.1992) (*Heustis I*).

The record in the instant matter shows that a Summons and Petition for Discipline were served on Evan F. Heustis on October 19, 1992, alleging certain ethical violations during Heustis' representation of Bernadine Solwey and Little Flower Freedom Center, Inc., of Minnewaukan, North Dakota, which began in 1987. On November 10, 1992, Mr. Heustis filed his Answer with the Disciplinary Board, acknowledging that he represented to Ms. Solwey that the IRS tax exempt status had or would be approved. Mr. Heustis later admitted in the Stipulation and Consent filed with the Disciplinary Board that he told Ms. Solwey that he filed for the IRS 501(c)(3) tax exempt status, eventually providing her with a copy of the document showing approval when, in fact, the filing had not been completed and the document was false.

On March 24, 1993, Vivian E. Berg, Disciplinary Counsel, filed a Stipulation and Consent to Discipline signed by her, Mr. Heustis, and Patrick J. Maddock, Counsel for Mr. Heustis. In the Stipulation, Mr. Heustis acknowledges violations of disciplinary rules 1–102(A)(4), 6–101(A)(3), and 7–101(A)(1), (2), and (3), Code of Professional Responsibility, in effect prior to January 1, 1988, and of Rule 1.3, North Dakota Rules of Professional Conduct (NDRPC), and Rule 1.2(A)(3), North Dakota Procedural Rules of Lawyer Disability and Discipline (NDPRLDD), in effect after January 1, 1988.

In the Stipulation, Disciplinary Counsel acknowledged that, at the time of Mr. Heustis' actions relative to this matter, he was determined by competent examiners to be acting under a mental impairment, and that this is a mitigating circumstance. Accordingly, Mr. Heustis consented to an additional period of suspension beyond that received in *Heustis I*, to payment of the costs and expenses of the disciplinary proceedings in the amount of $250.00, and to

the requirement of an application for reinstatement.

On April 2, 1993, the Hearing Body filed its Findings and Recommendations, accepting the Stipulation and Consent to Discipline entered into by Disciplinary Counsel and Mr. Heustis. Subsequently, on May 12, 1993, the Disciplinary Board of the Supreme Court filed its Report unanimously adopting the Findings and Recommendations of the Hearing Body for consideration by the Supreme Court. The Court considered the matter, and

ORDERED, that Mr. Heustis' suspension from the practice of law be extended to June 20, 1995, after which time he may apply for reinstatement under the same terms and conditions as *Heustis I.*

IT IS FURTHER ORDERED, that Mr. Heustis pay the costs and expenses of the disciplinary proceedings in the amount of $250.00.

/s/GERALD W. VANDE WALLE,
    Chief Justice
/s/HERBERT L. MESCHKE,
    Justice
/s/BERYL J. LEVINE,
    Justice
/s/DALE V. SANDSTROM,
    Justice

NEUMANN, J., deeming himself disqualified, did not participate in this decision.